NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 19a0334n.06

Case No. 18-4037

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Jul 03, 2019
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| CUYAHOGA HEIGHTS LOCAL SCHOOL DISTRICT, | ) ) ) | |
|     Plaintiff-Appellant, | ) ) | ON APPEAL FROM THE UNITED |
| v. | ) ) ) | STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF |
| NETHERLANDS INSURANCE COMPANY and MIDWESTERN INDEMNITY COMPANY, | ) ) ) ) | OHIO |
|     Defendants-Appellees. | ) ) | |

BEFORE: SILER, BATCHELDER, and DONALD, Circuit Judges.

**SILER**, Circuit Judge. Cuyahoga Heights Local School District ("the District") sued its insurers, Netherlands Insurance Company and Midwestern Indemnity Company ("Insurers"), seeking satisfaction of a state-court judgment it obtained against its employee Peter Guerrera. The district court granted summary judgment to the Insurers because Guerrera was not an insured under policies written by the Insurers. We AFFIRM.

I.

The District was victim of a criminal fraud and theft scheme orchestrated by Joseph Palazzo, the District's former Director of Information Technology. Palazzo was convicted of

conspiracy to commit mail fraud, money laundering conspiracy, and wire fraud. *United States v. Palazzo*, No. 1:13-CR-167 (N.D. Ohio June 14, 2013).

In 2013, the District filed suit in the Court of Common Pleas for Cuyahoga County, Ohio seeking to recover some of the money it lost as a result of the fraud. The complaint included claims against its former Superintendent, Peter Guerrera.

Guerrera reported the complaint to the Insurers seeking defense and indemnification based on two insurance policies. One policy was between the District and Netherlands Insurance Company and provided "School Leaders Errors & Omission Liability Coverage" up to one million dollars for each wrongful act and one million dollars in the aggregate. The other policy was an umbrella policy between the District and Midwestern Indemnity Company. The Insurers denied coverage because the policies did not cover claims made by the District against its employees working within the scope of their duties. After Guerrera agreed to an interview with the District's attorneys, the District dismissed its claims against Guerrera without prejudice.

Later in 2013, the District again filed suit against Guerrera in the Court of Common Pleas. The District alleged that, because of Guerrera's negligence, negligent hiring, negligent supervision, and negligent failure to implement appropriate controls (and other wrongful acts), the District sustained losses of over four million dollars. Guerrera admitted all allegations except that regarding punitive damages and declined to assert any affirmative defenses. The District and Guerrera submitted a proposed judgment and accompanying evidentiary materials to the state court. The Insurers declined to participate in the proceedings because they believed the insurance policies did not insure Guerrera against suit by the District. The court entered judgment in favor of the District in the amount of $4,199,812 and approved a covenant between the parties in which

the District agreed not to execute the judgment against Guerrera. The court also noted the covenant was not the result of any collusion or fraud by either party.

This action against the Insurers was filed in 2016. The District seeks payment under the insurance policies for the judgment it obtained against Guerrera.[1] Because Guerrera is not an "insured" under the policies, the district court is AFFIRMED.

II.

The district court's decision to grant summary judgment is reviewed de novo. *Simpson v. Ernst & Young*, 100 F.3d 436, 440 (6th Cir. 1996).

III.

The policy between the District and Netherlands Insurance Company, in relevant part, provides:

**SECTION II - WHO IS AN INSURED**

Each of the following is an insured:

**A.** The "educational institution", and its board of governors, board of education, school committee, board of trustees, or commission.

**B.** Each of the following is also an insured for acts within the scope of their duties as such:

***

**1.** Your "employees". However . . . no "employee" is an insured for "claims" made:

> **a.** By you or by a co-"employee" for "loss'" arising out of and in the course of his or her employment or performing duties related to the conduct of your business;

---

[1] Indiana Insurance Company was originally listed as a defendant. Midwestern Indemnity was substituted as a party after removal.

The policy between Midwestern Indemnity Company and the District follows form to the Netherlands Policy.

According to the policies, an employee is generally an "insured." But an exception is set out for claims made by the District against its employees for loss arising in the course of employment or during the performance of duties related to the District's business. Thus, an employee is not an "insured" for purposes of such a claim.

Those circumstances exist here. The District seeks satisfaction of a judgment resulting from a lawsuit the District filed against Guerrera, its employee. As a basis for that suit and corresponding judgment, the District alleged that because of "the wrongful acts of Guerrera in the performance of . . . School District duties . . . the School District has sustained a loss of over $4,000,000[.]" The complaint listed several wrongful acts connected with Guerrera's duties as Superintendent, including "negligent hiring, negligent supervision, [and] negligent failure to implement appropriate controls[.]" By the District's own characterization then, the loss arose in the course of Guerrera's employment.

The District now seeks to satisfy the judgment as a claim under the policies. But the policies clearly and unambiguously explain that Guerrera is not an "insured" in such circumstances.

**AFFIRMED.**